IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Theresa Froelicher, for her son T.F., a minor, ) | |
| ) | C/A No.: 4:04-21944-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Jo Anne B. Barnhart, Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Theresa Froelicher alleges that her minor child, "T.F.," has been disabled since November 15, 1998 because of seizures, a dysplastic kidney, and developmental speech delay. On March 27, 2002, Plaintiff filed an application for supplemental security income payments on behalf of the child. The claim was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on January 21, 2004. On May 10, 2004, the ALJ issued a decision that "T.F." was not eligible for supplemental security income payments under sections 1602 and 1614(a)(3)(C) of the Social Security Act. The decision of the ALJ became the "final decision" of the Commissioner on July 30, 2004, after the Appeals Council determined that there was no basis for granting Plaintiff's request for review. Plaintiff thereafter brought the within action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for a Report and Recommendation. On August 11, 2005, the Magistrate Judge filed a Report and Recommendation in which he noted that Plaintiff had submitted a Multidisciplinary Team Report to the Appeals Council for review. The

Multidisciplinary Team Report had been prepared with respect to "T.F." and his progress in kindergarten. According to the Magistrate Judge, the Appeals Counsel failed to indicate whether it had considered the new evidence, and, if so, why the additional evidence did not suffice as a basis for changing the ALJ's decision. The Magistrate Judge recommended that the case be remanded for the Commission to consider the additional evidence and, if it found that the additional evidence did not suffice as a basis for changing the ALJ's decision, it should state the reason for its decision. Neither party filed objections to the Report.

The court is charged with making a *de novo* determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b). In the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After a thorough review of the Report and the record in this case, the court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly,

It is ORDERED that the within action be **remanded** under sentence four of 42 U.S.C. § 405(g) for further administrative action consistent with this order and the Report and Recommendation.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 12, 2005.